APPELLATE DIVISION

MARIA AKIYAMA ALDAN,          )          DCA CASE NO. 83-9005
                              )
          Plaintiff-Appellee, )          CTC CASE NO. 81-301
                              )
              v.              )
                              )
RAMON KAIPAT, et al.,         )   F I L E D      OPINION
                              )        Clerk
          Defendants-Appellants.) District Court
_____)
                                   JUN 11 1985

                                   For The Northern Mariana Islands
          Attorney for Appellant:        Douglas F. Cushnie
                                         (Deputy Clerk)
                                         P. O. Box 949
                                         Saipan, CM 96950

          Attorney for Appellee:         Michael A. White
                                         White & Novo-Gradac
                                         P. O. Box 222 CHRB
                                         Saipan, CM  96950

BEFORE:  LAURETA and SCHNACKE, District Judges, and SOLL,*
         Designated Judge

SOLL, Designated Judge:

        The plaintiff-appellee, Maria Akiyama Aldan (Aldan), filed this action for ejectment.  The trial court ruled in favor of the plaintiff-appellee and the defendant-appellant, Magdalena S. Kaipat (Kaipat), appeals.  For the following reasons, this Court affirms.

_____

*Honorable Herbert D. Soll, Commonwealth Trial Court Associate Judge sitting by designation pursuant to 48 U.S.C. § 1694b.

191

## Statement of Facts

Aldan brought this action to eject Kaipat from Lot 1916,[1] Garapan, Saipan. Aldan contends that Vicenta Rapugao sold Lot 1916 to Pedro Akiyama and his wife, Maria Reyes Akiyama, now deceased, in 1938 and the land is rightfully hers as their heir. Kaipat maintains that there was no transfer in 1938 or if there was it is void because there was no compensation for the transfer. Kaipat claims title to the land as an heir of Vicenta Rapugao.

The trial court found that Vicenta Rapugao sold Lot 1916 to the Akiyamas in 1938. The court concluded that when Pedro Akiyama died in 1944 title vested in his heirs.

In essence, appellant raises two issues:

1. Whether the trial court was correct in finding that Vicenta Rapugao conveyed Lot 1916 to the Akiyamas in 1938.

2. Whether the trial court properly concluded that Lot 1916 descended to the heirs of Pedro Akiyama when he died in 1944.

## I. THE 1938 CONVEYANCE

In reviewing the findings of fact of the trial court this Court will not reverse unless the findings are "clearly erroneous." A finding is clearly erroneous when the entire

_____

[1] Lot 1916 is bordered by the ocean on the west and Lot 1832 on the east. Lot 1832 is, and was at all relevant times, the property of Vicenta Rapugao and her heirs.

192

record produces the definite and firm conviction that the court below committed a mistake. The appellate court accords particular weight to the trial judge's assessment of conflicting and ambiguous evidence. South Seas Corp. v. Sablan, 525 F.Supp. 1033 (D.N.M.I. 1981).

Aldan produced a Certificate of Title from the Office of the Registrar of the Commonwealth of the Northern Mariana Islands which showed title to Lot 1916 in the heirs of Pedro Akiyama. The basis of this title was a determination of the Trust Territory Land Office in 1956.[2/] Kaipat challenges this determination and alleges the heirs of Vicenta Rapugao were denied due process by the Trust Territory Land Office.

It is a general rule that administrative proceedings are presumed to be valid. United States v. Roses, Inc., 706 F.2d 1563 (Fed.Cir. 1983). Aldan urges us to apply this principle and, in conjunction with the expiration of the one year appeals period, to now hold that the land title determinations of the Trust Territory Land Office are good and are forever barred from further attack. This we are hesitant to do. At the time of the hearings in question, the United States had administered the islands of the Trust Territory for less than ten years. In the

_____

[2/] The original determination made in 1953 stated title to Lot 1916 was in the heirs of Pedro Akiyama, however, since Pedro Akiyama was a Japanese national title was vested in the Area Property Custodian because Japanese nationals could not hold title to land. This decision was amended in 1956 and was the basis for this certificate.

AO 72
(Rev.8/82)

60 years immediately preceding the American presence, the people had lived under the administration of no fewer than three colonial powers, the Japanese, the German and the Spanish. To conclude that the local inhabitants were unfamiliar with the American system of government and its administrative mechanics for dispute resolution is beyond serious debate. Moreover, the land title hearings were conducted in English, not the native tongue of the local people. Further, there were no lawyers on the islands to assist the inhabitants with their petitions or to offer advice regarding appeals. Accordingly, an attractive argument can be made for the adoption here of a modified presumption of regularity regarding the validity of the proceedings at issue. However, we need not undertake this task here. Even assuming the hearings and the title determinations regarding Lot 1916 to be void, we find sufficient evidence in the record to support Aldan's asserted title.

Vicenta Rapugao filed a claim with the Land Office in 1952. This is significant in two respects. First, it shows her familiarity with the Trust Territory Land Office and negates any contention that she was denied an opportunity to be heard by this office. Second, her claim in 1952 involves only Lot 1832. There is no claim for Lot 1916. This supports Aldan's position that Vicenta Rapugao sold Lot 1916 in 1938 and therefore had no reason to file a claim for it.

Aldan brought forth three witnesses who were alive at the relevant time in question and who testified that through

194

conversations with different people at that time they learned that Lot 1916 was owned by the Akiyamas. Also introduced was a perpetual easement over Lot 1916 signed by Maria R. Akiyama in 1956 for the benefit of the Government of the Trust Territory. A document entitled "Report of Property Owned Land" signed by Vicenta Rapugao dated February 13, 1948 directed to the Civil Administrator of the Trust Territory concerning Lot 1832 lists Albina Reyes[3] as her neighbor to the west. A letter entitled "Statement of the heirs of Vicenta Rapugao" dated July 15, 1955, directed to the Land Title officer, states in pertinent part:

> On or about the year 1938 Vicenta sold 1/2 of said lot [1832] to Maria Reyes Akiyama, now deceased. The heirs of said Maria Reyes Akiyama were occupying the western portion of said lot which is their property... Our mother submitted her claim in 1945 for the eastern portion of Lot 1832 only. (Defendant's exhibit C).

In conclusion, the evidence presented supports the trial court's finding that Vicenta Rapugao conveyed Lot 1916 to Pedro Akiyama and Maria Reyes Akiyama in 1938.

### II. THE 1944 DESCENT OF LOT 1916

The trial court concluded that Lot 1916 descended to the heirs of Pedro Akiyama when he died in 1944. Kaipat contests this conclusion. Although he offers no alternative he argues

_____

[3] Also known as Maria Abelina Reyes Akiyama.

195

that without proof of the applicable Japanese laws in 1944 Aldan cannot prove that the heirs of Pedro Akiyama are rightfully entitled to Lot 1916.

Kaipat is correct in his contention that the Japanese laws of descent and distribution were not introduced nor interpreted by the trial court. Instead the trial court apparently resorted to principles of English common law under which property undisposed of by will becomes intestate property and vests in the heirs of the decedent upon his or her death. See Glaser v. Chicago Title and Trust Co., 393 Ill. 447, 66 N.E.2d 410 (1946). The burden here is on Kaipat, as appellant, to show error on the part of the trial judge; however, Kaipat does not so prove. On appeal, as well as at trial, Kaipat neither introduced evidence of Japanese intestacy law nor demonstrated that the application of such law would mandate a decision other than that reached by the trial court. Of course, his failure to make such a showing is not surprising. This Court takes notice of the fact that the island of Saipan was under siege during 1944.[4] It would be a monumental task for any court to determine which, if any, government was in control and then to apply its laws to determine who was rightfully entitled to this land. In light of the virtual impossibility of such an undertaking and in view of Kaipat's failure to prove that the results of such an investigation would produce a decision other than that reached below, we find no error.

---

[4] A. Spoehr, Saipan: The Ethnology of a War Devastated Island, pp. 91-95 (1954).

AO 72
(Rev.8/82)

196

### III.  CONCLUSION

For the aforementioned reasons, the decision of the trial court is affirmed.

_____
JUDGE ALFRED LAURETA

_____
JUDGE ROBERT A. SCHNACKE

_____
JUDGE HERBERT D. SOLL

AO 72
(Rev.8/82)